OPINION
{¶ 1} Appellant Carmen Wilcoxen [hereinafter appellant] appeals from the judgment entered in the Stark County Court of Common Pleas, Family Court Division, which terminated all parental rights, privileges and responsibilities of appellant with regard to her minor child and ordered that permanent custody of the minor child be granted to the Stark County Department of Jobs and Family Services [hereinafter SCDJFS].
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the natural mother of Destiny Wilcoxen [hereinafter minor child]. The minor child was born on June 30, 2001.
 {¶ 3} On or about September 20, 2001, the SCDJFS filed a Complaint in the Stark County Court of Common Pleas, Family Court Division, alleging that the minor child was dependent, neglected and/or abused. SCDJFS sought temporary custody of the minor child. On November 29, 2001, the minor child was found to be dependent and temporary custody was granted to SCDJFS. On March 20, 2002, a dispositional review hearing was conducted. The trial court ordered the continuation of temporary custody with SCDJFS.
 {¶ 4} On July 11, 2002, SCDJFS filed a "motion to return the child to her parents with protective supervision and extend protective supervision". Both motions were granted on July 29, 2002, and the minor child was returned to her parents' home.
 {¶ 5} On November 12, 2002, SCDJFS filed a post-dispositional motion alleging continued drug abuse by both parents, domestic issues, the arrest of the minor child's father and the grandmother's refusal to care for the child. An order was issued placing the minor child in SCDJFS's custody on November 13, 2002. However, it should be noted that the minor child had been voluntarily placed in foster care through a "safety plan" prior to the filing of the post-dispositional motion. Transcript, pg. 10.
 {¶ 6} On January 28, 2003, a dispositional review hearing was conducted. The temporary custody orders were continued. On February 18, 2003, SCDJFS filed a motion for permanent custody of the minor child.
 {¶ 7} On May 13, 2003, the Court conducted an evidentiary hearing. On May 21, 2003, the trial court issued a Judgment Entry and Findings of Fact and Conclusions of Law which granted permanent custody to SCDJFS.
 {¶ 8} Thus, it is from the May 21, 2003, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 9} "I. The judgment of the trial court awarding permanent custody of the minor child to SCDJFS is against the manifest weight of the evidence."
 {¶ 10} "II. The judgment of the trial court that the best interests of the minor child would be served by granting permanent custody to SCDJFS is against the manifest weight of the evidence."
 {¶ 11} This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
"(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I, II[1] {¶ 13} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 14} Revised Code 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. That statute provides as follows:
 {¶ 15} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 16} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 17} "(b) The child is abandoned.
 {¶ 18} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 19} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 20} The trial court found that the minor child could not be placed with either parent at this time or within a reasonable period of time and that the children had been in the temporary custody of SCDJFS for 12 of the past consecutive 22 months. These are alternate findings pursuant to R.C. 2151.414(B)(1). (R.C. 2151.414(B)(1)(a) and (d) respectively. Either of those findings, if supported by the evidence, would have been sufficient in and of itself to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1).
 {¶ 21} Appellant does not challenge the trial court's finding that the minor child was in the temporary custody of the agency for 12 of the past 22 months.[2] Such a finding is enough to satisfy the requirements of R.C. 2151.414(B)(1). See In Re: Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101. Further, we note that a review of the record supports the trial court's finding.
 {¶ 22} The trial court found further that the grant of permanent custody was in the minor child's best interest. Appellant contends that the trial court's decision is against the manifest weight of the evidence. We disagree.
 {¶ 23} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 24} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 25} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 26} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 27} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 28} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 29} In the case sub judice, testimony showed that at the time of the hearing, the minor child was a twenty-two month old child with no significant health problems, no physical disabilities and no developmental problems. Although the minor child and appellant were bonded to some degree, testimony showed that the bond between the minor child and the foster mother was greater. Further, the caseworker testified that the child needed a stable, loving environment which appellant was not able to provide. Lastly, we note again that the guardian ad litem recommended that permanent custody be granted to SCDJFS.
 {¶ 30} We find that the trial court's finding that the best interests of the child would be served by granting permanent custody to the SCDJFS was not against the manifest weight of the evidence.
 {¶ 31} In conclusion, for the foregoing reasons, we find that the trial court's award of permanent custody to SCDJFS was not against the manifest weight of the evidence. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 32} The judgment of the Stark County Court of Common Pleas, Family Court Division is affirmed.
[1] We shall address both of the appellant's Assignments of Error together.
[2] Nor did appellant challenge the Agency's assertion that the minor child had been in the temporary custody of the Agency for at least 12 months out of 22 months when given an opportunity to do so at the permanent custody hearing.